UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRECIOUS COLLINS,

    Plaintiff,

vs.                        CASE NO.:

CENTENE MANAGEMENT
COMPANY, LLC, a Foreign
Limited Liability Company
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff PRECIOUS COLLINS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against CENTENE MANAGEMENT COMPANY, LLC (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

This is a claim by Plaintiff, against her former employer for damages and all available relief based on race discrimination and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq. As a result, and for the violation of Plaintiff's rights to be free from racial and pregnancy discrimination, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional

distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

1. Plaintiff was employed by Defendant from approximately 2014 through March 2021, as a Referral Specialist.

2. Plaintiff performed work for the Defendant at its Maitland, Florida location.

3. Defendant CENTENE MANAGEMENT COMPANY, LLC, is a foreign limited liability company, which owns, controls, and operates business which provides healthcare and health solutions in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION AND VENUE

4. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3), as amended by the Civil Rights Act of 1991, and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes.

5. The acts and omissions giving rise to this action occurred in Maitland, Florida.

6. Defendant conducts business in Maitland, Florida.

7. Plaintiff was employed with Defendant in Maitland, Florida.

8. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

9. This is an action at law raising a federal question under federal law.

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

11. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

12. Plaintiff was a member of a class of individuals protected by Title VII and the PDA given that, at all times material to the allegations herein, Plaintiff is an African American female individual who experienced discrimination based on her race and pregnancy.

13. Plaintiff was qualified for her position as a Compound Pharmacy Technician.

14. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the PDA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the PDA.

16. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit A**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

17. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII.

18. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## **FACTS**

19. Plaintiff began working for Defendant in 2014.

20. Over the years, Plaintiff received excellent performance reviews, had been promoted and received raises commensurate with her performance.

21. In 2019, Plaintiff was promoted and switched teams and supervisors.

22. However, soon thereafter, Plaintiff started to notice that she was being treated differently and being singled out.

23. Plaintiff's supervisor and the other team members were Hispanic and spoke Spanish rather than English at work, although they were bilingual.

24. Plaintiff informed her supervisor that she was having difficulty communicating with the team due to the language barrier. Additionally, she

was being given assignments which were supposed to be cycled through to all employees but were solely being assigned to her when other employees did not want to complete their tasks.

25. After Plaintiff complained, she was physically relocated to another area in the office away from her co-workers and given an unmanageable caseload.

26. During the fall of 2020, Plaintiff had a medical emergency and used sick leave.

27. Plaintiff followed company procedures when taking her sick leave.

28. Shortly after, Plaintiff received an email from her supervisor informing her that she had not followed her personal procedure when an employee had to leave for an emergency, which required Plaintiff to call her cell phone personally.

29. Plaintiff's supervisor informed her that not following her procedures could result in a written reprimand or termination.

30. Plaintiff was never previously informed of this requirement and none of the other co-workers were aware of this procedure.

31. Plaintiff filed a formal complaint because she felt targeted and discriminated against because of her race and accordingly, she was not comfortable at work.

32. On or about November 2020, Plaintiff found out she was pregnant and informed her supervisors.

33. Accordingly, Plaintiff became a member of a class of individuals protected by Title VII and the PDA based on her status as a pregnant woman.

34. On January 27, 2021, Plaintiff timely applied for FMLA leave because she had a scheduled C-Section. This was her second pregnancy while being employed with Defendant.

35. The day after Plaintiff completed her application, she had a telephone conference with her supervisor regarding her performance, and her FMLA leave.

36. Plaintiff's supervisor confirmed she was aware that Plaintiff was intended to take FMLA leave and had several questions regarding her FMLA leave and pregnancy, including if she anticipated having complications with her pregnancy which would require additional time away from work.

37. Plaintiff noticed that her other co-workers who were utilizing their FMLA leave or working prior to taking their leave were being terminated.

38. Shortly thereafter, on February 11, 2021, Plaintiff was called by the managers and told that her position was no longer needed, because the company was allegedly downsizing.

39. Plaintiff was also informed that she would be able to continue working for several more weeks before her official termination.

40. Plaintiff was the only person in her department that was terminated.

41. At that time, Plaintiff was the only person in her department that was pregnant.

42. Plaintiff informed her supervisor that she felt she was being terminated because she complained about race discrimination and because she was pregnant.

43. On March 12, 2021, Plaintiff was officially terminated.

44. At the time of her termination, Plaintiff had not been issued any warnings or other type of discipline regarding behavior or performance.

45. The reason given to Plaintiff for her termination was alleged business needs. This reason was false and a pretext for pregnancy and race discrimination.

46. After disclosing her pregnancy to the Defendant, Plaintiff was illegally terminated.

47. Plaintiff was treated less favorably than similarly situated employees in that non-pregnant employees were not terminated for the alleged performance issues for which Plaintiff was terminated.

48. Plaintiff was treated differently than other Caucasian or Hispanic employees.

49. At the time of her termination, Plaintiff complained to Defendant that she believed she had been treated differently than other employees.

50. Defendant's alleged reasons for Plaintiff's terminations are pretextual.

## COUNT I
## PREGNANCY DISCRIMINATION UNDER
## PREGNANCY DISCRIMINATION ACT & TITLE VII

51. Plaintiff restates and incorporates herein the foregoing paragraphs 1-29, 32-47 and 49-50 as though fully stated herein.

52. Defendant discriminated against Plaintiff based on her pregnancy.

53. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

54. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

55. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

56. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RACE DISCRIMINATION UNDER TITLE VII

57. Plaintiff restates and incorporates herein the foregoing paragraphs 1-29, 22-31, 38-46 and 48-50 as though fully stated herein.

58. Defendant discriminated against Plaintiff based on her race.

59. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

60. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

61. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETLIATION UNDER TITLE VII

62. Plaintiff restates and incorporates herein the foregoing paragraphs 1-29, 22-31, 38-46 and 48-50 as though fully stated herein.

63. Defendant retaliated against Plaintiff because of her complaints about race discrimination.

64. Plaintiff engaged in a protected activity by complaining of disparate treatment and/or race discrimination.

65. Plaintiff suffered an adverse action.

66. Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

67. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

68. The above-described discrimination and retaliation were done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 4th day of May, 2022.

> *s/Anthony J. Hall*
> Anthony J. Hall, Esq. – LEAD COUNSEL
> FL Bar No. 40924
> Edward Wimp, Esq.
> FL Bar No. 1015586
> THE LEACH FIRM, P.A.
> 631 S. Orlando Avenue, Suite 300
> Winter Park, Florida 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 523-5864
> Email: ahall@theleachfirm.com
> Email: ewimp@theleacfirm.com
> Email: yhernandez@theleachfirm.com
>
> *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2022, the foregoing was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

> *s/Anthony J. Hall*
> Anthony J. Hall, Esq.